IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM BRENT, #33660-177, MOVANT, | § § § § | |
| v. | § § | CASE NO. 3:20-CV-9-L-BK (CRIMINAL NO. 3:05-CR-120-L-1) |
| UNITED STATES OF AMERICA, RESPONDENT. | § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, Movant William Brent's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition. Upon review of the relevant pleadings and applicable law, the Section 2255 motion should be **TRANSFERRED** to the United States Court of Appeals.

**I. BACKGROUND**

In 2007, Brent was convicted by a jury of possession with intent to distribute cocaine base, possession of firearms in furtherance of a drug trafficking crime, and three counts of possession of a firearm by a convicted felon, and he was sentenced to a total imprisonment term of life plus 60 months. *United States v. Brent,* 3:05-CR-120-P-1, Crim. Doc. 172 (N.D. Tex. 2007) (Solis, J.), *aff'd*, 300 F. App'x. 267 (5th Cir. 2008) (per curiam), *cert. denied*, 130 S. Ct. 54 (2009). The Court subsequently denied Brent's first Section 2255 motion. *Brent v. United States*, No. 3:10-CV-1898-P (N.D. Tex. 2011), *aff'd*, 532 F. App'x 477 (5th Cir. 2013) (per

curiam).  By the motion *sub judice*, Brent again seeks Section 2255 relief relying on the recent holding in *Rehaif v. United States*, ___ U.S. ___, 139 S. Ct. 2191 (2019).  Doc. 1.  He asserts that his convictions for possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1), violate the Due Process Clause.  Doc. 1 at 2.[1]

    Having reviewed the record, the Court now concludes that Brent must seek leave from the United States Court of Appeals to file a successive application challenging his conviction.

## II.    ANALYSIS

    The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a movant may file a second or successive application for federal habeas relief.  *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b).  In general, to raise a new claim, the movant must show that the successive motion is based on: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h); *see In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005) (per curiam).  Before a movant may file a successive application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the applicant makes the requisite prima facie showing.  *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A) and (B).  Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas application unless the United States Court of Appeals has first granted the movant permission to

---

[1] Recently, Brent unsuccessfully sought relief under Section 404 of the First Step Act of 2018 and the 2014 Drug Guidelines Amendment.  Crim. Doc. 202; Crim. Doc. 207.

file such an application. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive Section 2255 motion. Because Brent must obtain such an order before he can file a successive application challenging his conviction, this Section 2255 motion should be transferred to the Fifth Circuit Court of Appeals. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

### III. CONCLUSION

For the foregoing reasons, it is recommended that the successive Section 2255 motion be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3); 28 U.S.C. § 1631.

**SO RECOMMENDED** on January 16, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).